**FOUST v. BALTIMORE & O. R. CO.**

Civ. No. 1279.

United States District Court
S. D. Ohio, W. D.

May 19, 1950.

Pickrel, Schaeffer & Ebeling, Dayton, Ohio, William H. Selva, Dayton, Ohio, of counsel, for plaintiff.

P. Eugene Smith, Dayton, Ohio, for defendant.

NEVIN, Chief Judge.

On April 7, 1950, plaintiff herein filed a petition in the Common Pleas Court of Montgomery County, Ohio, wherein she prayed for judgment against defendant, The Baltimore and Ohio Railroad Company on account of damages alleged to have been sustained because of the death of one Willard W. Foust, which plaintiff alleges was caused solely and proximately by the negligence of defendant. The suit is brought "for and on behalf of (certain named) next of kin".

On April 13, 1950, the cause was removed to this Court by defendant on the ground of diversity of citizenship.

In her petition as filed in the Common Pleas Court, plaintiff alleges that the death of Willard W. Foust "was caused solely and proximately by the negligence of the defendant in the following particulars" and thereupon plaintiff sets forth in subparagraphs numbered 1 to 7 inclusive, certain specific acts of alleged negligence, to one or more of which she alleges the death of Willard W. Foust was directly attributable.

On April 13, 1950, defendant railroad company filed a motion in this Court. In its motion it "moves the court for an order requiring the plaintiff to amend her petition by striking therefrom the following matter" and thereupon defendant sets forth in paragraphs numbered A to E inclusive, the certain allegations contained in the petition which it asserts should be stricken.

The cause is presently before the Court on defendant's motion just referred to.

Now that the cause is pending in this Court, it is governed by the Federal Rules of Civil Procedure, 28 U.S.C.A. Of those rules, the following are here pertinent.

Rule 1

"These rules govern the procedure in the United States district courts in all suits of a civil nature * * *".

Rule 81(c)

"These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal. Repleading is not necessary unless the court so orders * * *".

Rule 8(a)

"A pleading which sets forth a claim for relief * * * shall contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled."

Rule 84

(As amended Dec. 27, 1946, effective March 19, 1948)

"The forms contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate."

Form 9 of the "Forms" set forth in the "Appendix" 28 U.S.C.A., is one for "Complaint for Negligence". It is true that it is stated in the "Introductory Statement" to the "Appendix of Forms" that the "Forms are intended for illustration only" but it is also true that under Rule 84, if an applicable "form" is used, then the allegations contained therein "are sufficient under the Rules".

It is stated in the "Comment" appearing under Rule 84, as amended, as appears in "Moore's Federal Rules and Official Forms, as amended with Comments on the Amendments" at P 171 that "This amendment (to Rule 84) clearly states that the Official Forms are sufficient to withstand attack under the Rules; and that the practitioner using them may rely on them to that extent".

Upon a consideration of defendant's motion and the applicable rules, the Court is of the opinion and so finds that de-

fendant's motion herein referred to is well taken as to each and every subparagraph A to E inclusive, and in its entirety, and that it should be, and it is, sustained in its entirety.

In view of all the foregoing, the Court is of the opinion that there should be a "Repleading" by plaintiff in the instant case and counsel may submit an order to that effect. Rule 81(c) *supra*.

When "repleading" plaintiff may follow "Form 9" or not, as she may elect. What further procedure will be proper after plaintiff has filed her Amended Complaint (if one is filed) will depend, of course, on the nature of the allegations in, and the form of that pleading.

Counsel may prepare and submit an order in accordance herewith.

Plaintiff may have thirty days from the date of the filing of such Order in which to plead further, if she desires so to plead.